UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.  CR NO. 06-021-007(JMF)

KEVIN MORRIS,

    Defendant.

DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

FINDINGS OF FACT

1. The defendant is named in a 150-count indictment that charges a four year conspiracy to sell large quantities of heroin, cocaine (powder and "crack"), phencyclidine, and marijuana in the District of Columbia.

2. The defendant is charged as a conspirator, with 20 counts of using a communication device to further a drug transaction, and 9 counts of heroin distribution.

3. In four of those distributions, the transaction was video and audio taped.

4. Photographs were shown me of the defendant transferring what appear to be

      drugs.

5. Wiretaps were used in this case and one was placed on the defendant's cell phone. In one of the intercepted calls, the defendant is heard discussing prices and quantities with his purchasers, discussing guns, and discussing whether the police are in the areas where the drugs are being sold and what cars the police are driving.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer

is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The drugs in question are, of course, narcotic drugs and the grand jury has charged that the defendant was involved, at a high level, in a conspiracy that sold many kilograms over a lengthy period of time.

**Defendant's character, physical and mental condition, family ties, employment,**

**financial resources, and length of residence in the community.** The defendant is a lifeguard for the D.C. Department of Recreation and has lived in the District of Columbia all of his life.

**The weight of the evidence.** While the trial will obviously involve much more evidence, the wiretaps, videotapes and audiotapes would seem to make for a strong government case.

**History relating to drug or alcohol abuse.** The results of the drug test, taken when the defendant was before me, had not been received at the time of the writing of this Detention Memorandum.

**Record concerning appearance at court proceedings and prior criminal record and whether on probation or parole at the time of the present offense.** The defendant has an extensive criminal record. He has been convicted of burglary, theft over $300 on two occasions, possession of marijuana, a violation of the Bail Reform Act, and attempted distribution of cocaine. Notably, he was on probation for the charge of attempted distribution of cocaine when the grand jury found probable cause to believe that he committed the crimes charged in this case.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. The grand jury found that he participated in a conspiracy and he is on tape selling drugs. He has two prior felony convictions and several misdemeanor convictions. He was on probation for a serious drug charge when the grand jury found that he committed the crimes it charged in this case. Additionally, he has been convicted of a violation of the Bail Reform Act. I have no confidence that he would any more faithful to the conditions of release I would set and his drug dealing endangers this community in the most obvious way. There is nothing here to rebut the presumption of his dangerousness created by the Bail Reform Act. I

therefore find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

                                                    _____
                                                    **JOHN M. FACCIOLA**
                                                    **UNITED STATES MAGISTRATE JUDGE**

**September 27, 2006**