UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 06-21 (RBW) |
| v. | : | |
| | : | |
| CINQUAN BLAKNEY, et al. | : | |
| (Cinquan Blakney, | : | |
| Ralph Ingram, | : | |
| Tristan Sellers, | : | |
| India Graves, | : | |
| Sean Blakney, | : | |
| James Morgan, | : | |
| Kevin Morris, | : | |
| Donovan Bostick) | : | |

GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANTS'
DISCOVERY, EVIDENTIARY AND TRIAL PROCEDURE MOTIONS

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, herewith files this omnibus response to defendants' discovery, evidentiary and trial

procedure motions.   These motions are India Graves' motion seeking pre-trial Brady, Giglio and

Jenks Disclosures (Document 111), Sean Blakney's motion seeking disclosure of impeachment

evidence as to all out-of-court declarants (Document 100), India Graves' motion to identify

witnesses with juvenile adjudications and pending juvenile proceedings and to inspect juvenile

files (Document 112), Cinquan Blakney's motion for notice of intent to introduce uncharged

misconduct and prior convictions (Document 87), Cinquan Blakney's motion for discovery

(Document 89), Cinquan Blakney's motion to preserve notes, reports and evidence (Document 91), Cinquan Blakney's and India Graves' motions to reveal the identity of informants and for a determination of their reliability (Documents 92 and 111), India Graves' motion to exclude cooperating witness testimony and for a determination of their reliability (Document 107[1]), Cinquan Blakney's motion in limine regarding the testimony of law enforcement personnel (Document 121), India Graves' and Cinquan Blakney's motions to exclude witnesses and for disclosure of joint interviews and movement (Documents 113 and 122), India Graves' motion for bill of particulars (Document 94), and Ralph Ingram's, India Graves, and Cinquan Blakney's motions to dismiss counts in the indictment on multiplicitous grounds (Documents 96,108, 125, 126). The government files an omnibus response because the motions of each individual defendant overlap in many areas with the motions of the other defendants, and also, because many of the defendants have moved to adopt the motions of co-defendants. The government has endeavored to address all of the issues raised in all of the various motions.

1.    **Pre-Trial Brady/Giglio and Jencks Material Disclosure**.

Defendant Graves' # 111 motion seeks a variety of Brady, Giglio and Jencks materials. The government has made disclosure of Brady information and will continue to do so.   It is aware of its obligation to disclose all such information required by Brady v. Maryland, 373 U.S. 83 (1963).   With respect to disclosure required under Giglio v. United States, 405 U.S. 150

---

[1]      Document 109 appears to be a duplicate of Document 107.

(1972), it is our intention to provide this information at the same time we disclose <u>Jencks</u> material, in advance of the witnesses testimony so that such information may be used during cross-examination.    *See also* <u>United States v. Phillips</u>, 854 F.2d 273, 276 (7th Cir. 1988).    It is our position, consistent with the law of this Circuit, that the government satisfies its discovery obligations where it provides impeachment styled information concerning its witnesses in time for defendants to make use of it.    <u>United States v. Wilson</u>, 160 F.3d 732, 742 (D.C. Cir. 1998), *cert denied*, 528 U.S. 828 (1999).    At this time, we anticipate providing <u>Jencks/Gigli</u>*o* packets to the defense on the Thursday the week before the witness testifies, unless witness security concerns dictate disclosure closer to the date the witness testifies.

The defendants' request for Jencks material prior to trial is plainly at odds with the statute itself, which does not obligate the United States to produce such materials until after the direct examination.    *See* 18 U.S.C. § 3500(b) ("After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness which relates to the subject matter as to which the witness has testified."); <u>United States v. Tarantino</u>, 846 F.2d 1384, 1414 (D.C. Cir.) (*per curiam*) ("The Jencks Act directs that in a criminal prosecution, statements made by government witnesses or prospective government witnesses are not open to discovery or inspection by the defense until said witnesses have testified on direct examination in the trial of the case."), *cert denied*, 488 U.S. 867 (1988).    Defendants' request is also at odds with the Rules

of Criminal Procedure.    *See* Fed. R. Crim. P. 26.2(a) (disclosure not required until after the witness has testified on direct examination).

The fact that early disclosure of <u>Jencks</u> material may assist the defendants in preparing for trial is no reason to disregard the statute.    *See generally* <u>Tarantino</u>, 846 F.2d at 1414-1415 (defendant not entitled to early disclosure of Jencks Act statements even when the statements may have assisted in cross-examining other witnesses called by the government earlier in the trial). The Jencks Act and the Rules authorize the government's disclosure of Jencks material at the time of trial.    *See id.,* 846 F.2d at 1414 ("[t]his congressional determination is not to be disregarded by the courts"); <u>In re United States</u>, 834 F.2d 283, 287 (2d Cir. 1987) (Jencks Act controls statements by witnesses and district court has "no inherent power to modify or amend the provisions of that Act").    While the government recognizes the need to schedule its Jencks disclosures so as not to delay the trial, its legitimate concerns for witness security counsel against early disclosure in this case.    *See also* <u>Morrow</u>, 2005 WL at *6 (adopting the approach taken in the <u>Edelin</u> case, noting that "disclosure, a minimum of three days prior to the relevant testimony, is more than adequate for the defendants to prepare their defense.") (citation omitted)

Additionally, to the extent that the defendants are entitled to any of the requested information for impeachment purposes, the government thoroughly intends to disclose all such information as required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), at the same time it discloses <u>Jencks</u> material, in advance of the witnesses

testimony so that such information may be used during cross-examination.   *See also*, United States v. Phillips, 854 F.2d 273, 276 (7th Cir. 1988).   The government satisfies its discovery obligations where it provides impeachment styled information concerning its witnesses in time for defendants to make use of it.   United States v. Wilson, 160 F.3d 732, 742 (D.C. Cir. 1998), cert. denied, 120 S. Ct. 81 (1999).

2.    **Motion Directing the Government to Provide Impeachment Evidence as to all Out-of-Court Declarants.**

Defendant Sean Blakney filed a motion based on Rule 806 of the Federal Rules of Evidence seeking impeachment evidence as to all out-of-court declarants (Document 100).   Rule 806 provides, in relevant part, that when a coconspirator hearsay statement under Rule 801(d)(2)(E) has been admitted, "the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness."   Defendant Sean Blakney moves for disclosure of all impeachment evidence of any out-of-court declarant whose hearsay statement is to be introduced pursuant to Rule 801(d)(2)(E), so that those declarants may be impeached at trial under Rule 806. Defendant's motion is premature at this time.

Under Rule 806, when the government introduces a coconspirator hearsay statement at trial, any of the defendants implicated by that statement would presumably be permitted to impeach the declarant as if the declarant had testified.   *See, e.g.*, United States v. Hernandez-Escarsega, 886 F.2d 1560, 1573-74 (9th Cir. 1989).   Thus, prior convictions of the

declarant, as well as any other information relevant to the declarant's credibility, could be introduced pursuant to Rule 609.   The government's disclosure of impeaching information regarding hearsay declarants, to be utilized by the defense on cross-examination pursuant to Rule 806, is governed generally by its <u>Brady</u> obligations.   *See* <u>United States v. Orena</u>, 145 F.3d 551, 553 (2nd Cir. 1998) (rejecting claim that government "violated its <u>Brady</u> obligations . . . by failing to disclose information that defendants could have used to impeach credibility of   out-of-court statements made by [a] co-conspirator . . . that were admitted at trial under Fed. R. Evid. 801(d)(2)(E)," on the ground that the information was not material).   The D.C. Circuit has held that, in this context, the government is not obligated to treat the declarant as a witness for purposes of applying the Jencks Act.   <u>United States v. Williams-Davis</u>, 90 F.3d 490, 512-13 (D.C. Cir. 1996).

At this time, the government intends to have coconspirator statements, in addition to those of the defendants, admitted at trial.   Accordingly, the government will provide prior convictions and other impeaching information for such identified declarants "in time for use at trial."[1]   *See* <u>United States v. Presser</u>, 844 F.2d 1275, 1283 (6th Cir. 1988) (<u>Brady</u> and its progeny

---

[1]    Pursuant to Fed. R. Evid. 609, the Court must determine whether the probative value of such convictions outweigh their prejudice.   <u>United States v. Newman</u>, 849 F.2d 156, 163 (5th Cir. 1988).

do not create a "general right to pretrial discovery," but instead, simply require that disclosure be made "in time for use at trial").

3.    <u>Motion to Identify Witnesses with Juvenile Adjudications and Pending Juvenile Proceedings and to Inspect Juvenile Files.</u>

Defendant India Graves' asks that the Court order the government to disclose the identities of all witnesses who either have juvenile adjudications on their records or who have pending juvenile proceedings in order to assess whether the juvenile files contain impeachment information that the defense can use on cross-examination (Document 112).    Defendant argues that her right to such impeachment material supersedes the witness' right to privacy in his juvenile files.

In this jurisdiction, the courts have historically placed juvenile adjudications beyond the reach of general impeachment efforts. *See, e.g.*, <u>Brown v. United States</u>, 338 F.2d 543, 547- 548 (D.C. Cir. 1964); <u>Thomas v. United States</u>, 121 F.2d 905, 907-908 (D.C. Cir. 1941); accord <u>Butler v. United States</u>, 688 A.2d 381, 389 n.1 (D.C. 1996) (Ferren, J., concurring) (citing D.C. Code § D.C. Code § 16- 2318 (1989), providing that juvenile adjudication or disposition is not a cconviction of a crimec). Thus, in the context of impeachment of general credibility, that evidence of a prior conviction usually is inadmissible if the conviction resulted from a juvenile adjudication. (Reginald) Smith, 392 A.2d at 992-993; *see also* <u>Tabron I v. United States</u>, 410 A.2d 209, 211 (D.C. 1979) (remanding for trial court to determine whether government witnesses had prior juvenile adjudications and, if so, whether non-disclosure of them deprived

defendant a fair trial by compromising the opportunity to cross-examine as to bias and general

credibility); Tabron II v. United States, 444 A.2d 942, 946 (D.C. 1982) (concluding that non-

disclosure of witness' prior juvenile adjudications would not have affected the outcome of the

trial).   Moreover, the Constitution does not confer a right in every case to impeach   the general

credibility of a witness through cross-examination about his past delinquency adjudications or

criminal convictions.    Davis v. Alaska, supra 415 U.S. at 321 (Stewart, J., concurring).... Hence,

a restriction by the court of the impeachment of a witness' general credibility by

cross-examination regarding his juvenile record is not inconsistent with the Sixth Amendment's

confrontation clause.   In addition, the government is only required to disclose information within

its possession. The United States Attorney's Office is not ¢in possession¢ of juvenile files

maintained by the Superior Court or by the Attorney General for the District of Columbia. *See*

Collins v. United States, 491 A.2d 480, 485 (D.C. 1985) (juvenile social file and psychiatric

report not ¢in possession¢ of United States Attorney's Office for Brady purposes), cert. denied,

475 U.S. 1124 (1986); cf. Frye v. United States, 600 A.2d 808, 809 (D.C. 1991) (United States

Attorney's Office not ¢in possession¢ of transcript of juvenile trial for purposes of Jencks Act,

where no transcript had been prepared).

        Thus, defendant's motion to identify witnesses with juvenile records should be denied.

**4.     Motion for Notice of Intent to Introduce Uncharged Misconduct and Prior Convictions of Defendant**

The government is aware of its obligation under Fed R. Crim. P. 16 an Fed. R. Evid. 404(b).   However, defendant Cinquan Blakney moves for production of all evidence, documents records of judgments and convictions, photographs and tangible evidence, documents, records of judgment and convictions or prior bad acts including defendant's "rap" sheet and/or NCIC computer check on his name (Document 87). These requests are not warranted under the authority defendant cites.

Under Fed. R. Crim. P. 16(a)(1)(B), the government is only obligated to disclose to the defendant any relevant written or recorded statement by the defendant if the statement is within the government's possession, the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent, and the defendant's recorded testimony before a grand jury relating to the charged offense. This does not include any of the information requested in defendant's motion.   Although Rule 16(a) provides a mechanism for liberal discovery, it was not intended to provide the defendant with access to the entirety of the government's case against him.c   United States v. Percevault, 490 F.2d 126, 130 (2d Cir. 1974). As a result, the Court should deny the defendants' motion. *See* United States v. Arroyo-Angulo, 580 F.2d 1137, 144 (2d Cir.) (cA criminal defendant is not entitled to know everything that the government investigation has unearthed when such information is not used

against him at trial.c) cert. denied, 439 U.S. 913, (1978).    Similarly, defendant's request is not

warranted under Fed. R. Evid. 609, since it applies only to witnesses and not defendants.

5.    <u>Motion for Discovery and Production of Documents.</u>

Defendant Cinquan Blakney has requested discovery that is voluminous, extensive and

improper (Document 89).    Defendant's motion for discovery and production of documents is

nothing more than an expansive laundry list of items with little or no support as to why discovery

of these items is warranted. Additionally, much of the evidence requested by defendant Blakney

has already been provided to the defense by the government.

The government is well aware of its obligation to disclose information to defendant

pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), Fed. R. Crim. P. 16, and Fed R. Evid. 404

and 609. However, in his motion, defendant makes numerous requests that are outside the

bounds of permissible discovery, since discovery of such speculative and unspecified purposes is

prohibited. *See* <u>DeVincent v. United States</u>, 632 F.2d 145, 146 (1st Cir.) (cbroad-scale discovery

is improper where petitioner clacked proof of his allegation and was merely speculatingc about

his need for the discovery), cert. denied, 449 U.S. 1038 (1980); <u>United States v. Rubino</u>, 722

F.Supp. 77, 80 (D.Del. 1989) (no good cause where discovery sought based on a cmere

allegationc), aff'd, 908 F.2d 965 (3d Cir. 1990); cf. <u>Guerin</u>, 1998 WL 398249, at *4 (discovery

where cnone of the material in question relates to [petitioner's] trialc).    Defendants discovery

requests are inappropriate in many other respects as well. For example, defendant seeks materials

and information not even in the possession of the United States, seeks various categories of discovery relating to all witnesses (non-testifying and testifying), regardless of whether there is any suggestion that a particular witness engaged in any improper conduct, and seeks information regarding confidential government informants. In short, defendant has propounded broad-scale civil-style discovery requests in the hope that something will turn up.   Thus, defendant's requests for discovery which are outside the bounds of what is required by the government should be denied.

6.    <u>**Motion to Preserve Notes, Reports, and Evidence.**</u>

Defendant Cinquan Blakney has moved for an order requiring government agents involved in the investigation of this matter to preserve copies of all notes, reports, disbursement sheets, receipts, and tangible evidence that may be related to this case (Document 91).   In order to alleviate the defendant's hypothetical concern that the investigators involved in this case have destroyed or might destroy any of the items listed above, the government has once again requested that the agents preserve these items.   Consistent with the general practice of the United States Attorney's Office, we will not destroy these items listed above in our possession until this matter is finally adjudicated.   We believe that an additional order from the Court commanding the agents to preserve the items listed above is consequently unnecessary.

**7.**    <u>Motions to Reveal the Identity of the Informant, Details About the Informants and the Basis of Their Reliability</u>.

Cinquan Blakney and India Graves seek the identity of government informants (Documents 92 and 111).   The <u>Brady</u> doctrine requires the United States to disclose evidence to the defendant that is (1) favorable to the accused and (2) material to the defendant's guilt or punishment, *see* <u>Kyles v. Whitley</u>, 514 U.S. 419, 419 (1995); <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985); <u>Giglio v. United States</u>, 405 U.S. 150, 154-55 (1972); <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963), and this obligation requires the disclosure of impeachment material or evidence that a witness is biased in favor of the government or prejudiced against the defense. <u>Bagley</u>, 473 U.S. at 676; *see also* <u>United States v. Tarantino</u>, 846 F.2d 1384, 1407 (D.C. Cir. 1988) (agreements of government witnesses are impeachment evidence for defense).

The <u>Brady</u> doctrine, however, is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation.   <u>United States v. Beasley</u>, 576 F.2d 626, 630 (5th Cir. 1978).   It generally creates no duty on behalf of the government to disclose names and other personal identifying information of witnesses, *see* <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977) (holding that government's duty to disclose exculpatory evidence creates no government duty to disclose names of witnesses); <u>United States v. Pelton</u>, 578 F.2d 701, 707-08 (8th Cir. 1978) (discovery of prospective witnesses is not required under Fed. R. Crim. P. 16(a)), and unless and until a defendant meets his heavy burden and establishes that his need for an informant's identity to prepare his defense outweighs the public and government's interest in protecting the

informant's identity, any pre-trial request for the disclosure of an informant's name or location should be prohibited.   *See, e.g.*, United States v. Mangum, 100 F.3d 164, 172 (D.C. Cir. 1996) ("defendants seeking disclosure of an informant's identity bear a 'heavy burden' in establishing that disclosure is warranted" and mere speculation that the informer might be of assistance is not sufficient to overcome this heavy burden);   United States v. Warren, 42 F.3d 647, 654 (D.C. Cir. 1995) ("Speculation as to the information the informant may provide is insufficient."); United States v. Skeens, 449 F.2d 1066, 1070 (D.C. Cir. 1971) (defendants face "a heavy burden . . . to establish that the identity of an informant is necessary to [the] defense"); United States v. Smith, 780 F.2d 1102, 1108 (4th Cir. 1985) (protection of the informant can justify the refusal to disclose an informant's address or location).

In order to 'overcome the public interest in the protection of the informer,' the defendant is obligated to show that the informer was 'an actual participant in or a witness to the offense charged,' whose identity is 'necessary to the defense.'ᴄ   Mangum, 100 F.3d at 172 (quoting Skeens, 449 F.2d at 1070-71).   In Roviaro v. United States, 353 U.S. 53, 62 (1957), the Supreme Court declined to adopt an inflexible rule that the identity of an informer must be disclosed whenever its testimony may be relevant and helpful to the accused. Rather, the government enjoys a qualified though ᴄtime-honored privilege to withhold the identity of its informants from criminal defendants.ᴄ United States v. Brodie, 871 F.2d 125, 128 (D.C. Cir. 1989). Thus, in making the determination whether disclosure of a witness to a defendant is

necessary, the Court must balance the public's interest in law enforcement and protecting the informant's identity against the defendant's right to prepare a defense. Roviaro, 353 U.S. at 62; United States v. Warren, 42 F.3d 647, 654 (D.C. Cir. 1994).   The defendant bears the heavy burden of proving that disclosure of the informant's identity is necessary and relevant to the defense. Id.; United States v. Staufer, 38 F.3d 1103, 1109 (9th Cir. 1994); United States v. Khosravi, 733 F. Supp. 137, 138 (D.D.C. 1990).   More specifically, the defendant must allege how the informant will help establish his or her innocence; merely conclusory or speculative pleadings will not suffice. United States v. Skeen, 449 F.2d. 1066, 1071 (D.C. Cir. 1971).[1]

One of the factors the Court should consider in determining whether disclosure is appropriate, is to distinguish between informants that are tipsters and those that are participants. United States v. Price, 783 F.2d 1132, 1138 (4th Cir. 1986); McLawhorn v. North Carolina, 484 F.2d 1, 5 (4th Cir. 1973).   Disclosure is not required where the informant or confidential employee plays only a small or passive role in the offense charged, has no firsthand information, or where his potential disclosures are already known to the defendants.   United States v. Robinson, 530 F.2d 1076, 1077 (D.C. Cir. 1976);   United States v. Moreno, 588 F.2d 490, 494 (5th Cir. 1978).   Courts also will not order disclosure where such disclosure will place the informant in personal danger and the prospective testimony is not exculpatory. United States v. Pelton, 578 F.2d 701, 707-08 (8th Cir. 1978).   Moreover, exculpatory evidence or impeachment

---

[1]    We note that defendants, in their motions here, present no such specificity.

information must be disclosed by the prosecution to the defense in enough time so that the defense can effectively make use of it at trial.   United States v. Paxson, 861 F.2d 730, 737 (D.C. Cir. 1988); United States v. Russell, 971 F.2d 1098, 1112 (4th Cir. 1992).

Generally speaking, Federal Rule of Evidence 608(b) precludes the introduction of specific instances of a witness' conduct, that is, extrinsic evidence, to attack the credibility of a witness on cross-examination.   The only exception to this rule exists when the trial court, in its discretion, determines that such evidence is probative of the witness' character for truthfulness or untruthfulness or the evidence concerns the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.   Fed. R. Evid. 608(b); see also United States v. Matthews, 168 F.3d 1234, 1243 (11th Cir.1999) (in drug conspiracy prosecution, district court did not abuse its discretion in excluding evidence of government witness' arrest for unauthorized use of a vehicle where arrest did not bear on a material issue in the conspiracy case); Miller v. United States, 135 F.3d 1254, 1256 (8th Cir. 1998) (defendant was not entitled to cross-examine government informant about informant's alleged domestic abuse of his girlfriend as domestic abuse issue was collateral and of little relevance to trial issues; extrinsic evidence of a witness' prior bad acts cannot be used to impeach and cross-examination is limited to only those acts that are probative of propensity for truthfulness); United States v. Davis, 183 F.3d 231, 256-57 (3rd Cir. 1999) (improper to cross-examine witness concerning prior bad act of putting gun to prostitute's head; however,

witness' act of misappropriating departmental gas and lying to investigator concerning such act is proper impeachment material as the latter act was probative of truthfulness); United States v. Sellers, 906 F.2d 597, 602 (11th Cir. 1990) (evidence of prior drug use generally is not relevant to the issue of truthfulness under Rule 608); United States v. Bonanno, 852 F.2d 434, 439 (9th Cir. 1988) (trial court could prevent defendant from cross-examining FBI informant regarding civil fraud cases pending against or concluded against informant).

Rule 6(e) of the Federal Rules of Criminal Procedure mandates the non-disclosure of witnesses' testimony before the grand jury and the Jencks Act provides for the disclosure of grand jury testimony only after that witness has testified on direct examination at trial.    Fed. R. Crim. P. 6(e); 18 U.S.C. § 3500(b).    These secrecy and production requirements are imposed upon the United States unless and until a party demonstrates a "particularized need" for the disclosure of grand jury transcripts and the decision whether to grant or deny a request for the pre-trial disclosure of grand jury testimony lies within the sound discretion of the trial judge.    *See* United States v. Procter & Gamble, 356 U.S. 677, 683 (1958); United States v. Wilkinson, 124 F.3d 971, 977 (8th Cir. 1997); *see also* United States v. Liuzzo, 739 F.2d 541, 545 (11th Cir. 1984) (to show particularized need the defendant must show that the circumstances of his case have created such difficulties peculiar to the case which can be alleviated by access to specific grand jury materials without doing disproportionate harm to the salutary purpose of grand jury secrecy).

The United States is not aware of any <u>Brady</u> evidence which establishes that the

defendants Cinquan Blakney and India Graves did not participate in the crimes for which they

were charged in the indictment.    Moreover, the defendants have failed to establish the requisite

showing, that is, the necessity, for pre-trial disclosure of the government's witness list, which

includes a list of informants and any corresponding personal identification information such as

dates of birth and addresses.    *See* <u>United States v. Madeoy</u>, 652 F.Supp. 371, 375 (D.D.C. 1987)

(among factors to be considered in compelling discovery of the government's witness list are

"[p]reparation for trial, effective cross-examination, expediency of trial, possible intimidation of

witnesses, and the intrinsic reasonableness of the request").

8.    <u>Motion to Exclude Informant's Testimony and Request for Reliability Hearing</u>

Defendant India Graves seeks to exclude cooperating witness testimony and requests a

reliability hearing (Document 109).    Her motion is made on the grounds that the cooperating

witnesses are unreliable because they will be compensated, are interested, and are biased.

Additionally, defendant Graves has requested a pre-trial hearing to determine the witness'

reliability.

Defendant Graves' motion flies in the face of core principles of criminal jurisprudence.

As Judge Learned Hand recognized in the case of <u>United States v. Dennis</u>, 183 F.2d 201 (2d Cir.

1950), *aff'd*, 341 U.S. 494 (1951):

> Courts have countenanced the use of informers from time immemorial; in cases of conspiracy, or in other cases when the crime consists of preparing for another crime, it is usually necessary to rely on them or upon accomplices because the criminals will almost certainly proceed covertly.   *Id.* at 224.

A large majority of the cases cited by the defendant in her motion are cases where courts

clearly recognize the necessity of having cooperators subject to rigorous and thorough

cross-examination.   *See, e.g.,* <u>Hoffa v. United States</u>, 383 U.S. 293, 311 (1966).   There is

nothing in the record before this Court, or in defendant's motion, to suggest that the defendants

in this case will not have every right to conduct a thorough and meaningful cross-examine of all

of the cooperating witnesses in this case. In this regard, a pretrial hearing on witnesses' honesty

would be unhelpful as it is within the province of the jury to make such a determination.

9.    <u>Motion In Limine Regarding the Testimony of Law Enforcement Personnel</u>.

Defendant Graves moves to exclude law enforcement witnesses who actively participated

in this case from testifying as expert witnesses.   The Circuit Courts that have considered this

issue have rejected defendant's argument that a law enforcement officer that testified as a fact

witness cannot also testify as an expert witness. For example, the Second Circuit has held that it is

ϲnot improper for the government to elicit . . . expert testimony from law enforcement officers

who also testified as fact witnesses.ϲ <u>United States v. Young</u>, 745 F.2d 733, 760 (2nd Cir. 1984)

(citations omitted), cert. denied, 470 U.S. 1084 (1985). *See also* <u>United States v. Brown</u>, 776

F.2d 397, 400-402 (2nd Cir. 1985) (undercover officer also permitted to testify as expert), cert.

denied, 475 U.S. 1141 (1986). <u>United States v. Carson</u>, 702 F.2d 351, 369 (2nd Cir.)(proper to

permit DEA agents to recount their observations during their undercover activities and to render

an opinion based upon them), cert. denied, 462 U.S. 1108 (1983). In addition, other Circuits also

permit such testimony. *See* <u>United States v. (Malcolm) Thomas</u>, 74 F.3d 676, 683 (6th Cir.

1996) (court explicitly refused to adopt per se prohibition of practice of same officer testifying as

fact and expert witness); <u>United States v. Foster</u>, 939 F.2d 445, 452-453 (7th Cir. 1991) (no error

where narcotics detective testified as both eyewitness and expert witness).    Thus, defendant's

motion should be denied.

**10.    <u>Motions to Exclude Witnesses Prior to and During the Trial of this Case and to Disclose all
Instances Where Witnesses Were Interviewed or Kept Together.</u>**

    Defendants India Graves and Cinquan Blakney have filed motions for the disclosure of

any instances where government witnesses have been interviewed jointly or have been situated

together (Documents 113 and 122).    This request should be denied.    First, the United States

knows of no discovery rule, including Fed. R. Crim. P. 16, requiring such disclosure.    Second,

although defendants are obviously within their rights to attempt to illicit this information during

cross-examination of government's witnesses, they have no right to compel such disclosure at this

time.    The defendants are also within their rights to invoke the rule on witnesses (Fed. R. Evid.

615) at the time of trial.   This request, with the exception of invoking the rule on witnesses at the time of trial, should therefore be denied.

Defendant Cinquan Blakney has also moved for an order directing the government to release Form 129 to the defense and other information related to movement of individuals who have or will testify on behalf of the government (Document 122).   As an initial matter, defendant cites no persuasive authority to establish that the receipt of this requested information is in any way material to the defense in preparing its defense.   *See* Fed. R. Crim. P. 16(a)(1)(E)(i).  Indeed, the government can think of no legitimate reason that the defense would need this information. To the extent the requested information tangentially touches on other areas that the defendants are entitled to – such as witnesses' placement into witness protection programs, witnesses who have been released from jail pending their sentencing   – this will be provided to the defendants during the normal course of the government satisfying its <u>Giglio</u> obligations. Beyond that, the government respectfully submits that the disclosure of the requested information will serve no other purpose other than potentially putting the safety of certain anticipated witnesses at risk and should be denied.

11.    <u>Motion Requesting a Bill of Particulars</u>

Defendant Graves has requested that the government file a Bill of Particulars (Document 94).   Defendant has requested a variety of information, well beyond what is provided in the indictment.   For instance, defendant Graves has asked for the identities of all witnesses and all

co-conspirators, both charged and uncharged in the indictment.    She also seeks information that

is contained in the indictment or has been produced in extensive discovery already provided.

Defendant's request should be denied.

The purpose of a bill of particulars is "to ensure that the charges brought against a

defendant are stated with enough precision to allow the defendant to understand the charges, to

prepare a defense, and perhaps also to be protected against retrial on the same charges."    United

States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987); United States v. Esquivel, 755 F. Supp.

434, 436 (D.C. 1990).    "It is not the function of a bill of particulars to provide a detailed

disclosure of the government's evidence in advance of trial."    Overton v. United States, 403 F.2d

444, 446 (5th Cir. 1968); see also United States v. Torres, 901 F.2d 205, 234 (2d Cir.)

("[a]cquisition of evidentiary detail is not a function of a bill of particulars"), cert denied, 498

U.S. 906 (1990); United States v. Armocida, 515 F.2d 49, 54 (3d Cir.) (bill of particulars is not

intended as a vehicle for "wholesale discovery of the Government's evidence"), cert denied, 423

U.S. 858 (1975).    Nor is it designed to force the government to reveal a theory of its case that

the defendant could then use to limit the government's presentation of its case at trial.    Torres,

901 F.2d at 234; United States v. Burgin, 621 F.2d 1352 (5th Cir.), cert denied, 449 U.S. 1015

(1980).    The defendant's constitutional right underlying a bill of particulars is to know the

offense with which he is charged, not to know the details of how it will be proved.    United

States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981), cert denied, 455 U.S. 1021 (1982).

In addition, defendant's request for the identities of witnesses, informants and the various members of the conspiracy, both indicted and unindicted, regardless of whether they will be called at trial is similarly misplaced.   As stated previously, in making the determination of whether disclosure of a witness to a defendant is necessary, the Court must balance the public's interest in law enforcement and protection of the informant's identity against the defendant's right to prepare a defense.   Roviaro, 353 U.S. at 62.   Defendant bears a "heavy burden in establishing that disclosure is warranted."   United States v. Mangum, 100 F.3d 164, 172 (D.C. Cir. 1996).   Indeed "[m]ere speculation that the informer might possibly be of some assistance is not sufficient to meet [defendant's] burden."   Id.   (quoting United States v. Skeens, 449 F.2d 1066, 1070 (D.C. Cir. 1971)).

Here, defendants' conclusory requests fall well short of demonstrating a need for these identities.   See United States v. Edelin, 128 F. Supp. 2d at 33-34; see also United States v. Morrow, et al., 2005 WL 3163806, at *4-5. (D.D.C. April 13, 2005).   Indeed, as long as the government continues to honor its obligations pursuant to Brady v. Maryland and other applicable cases protecting the interests of the defendants, then the identity of confidential informants need not be disclosed.   See Edelin, 128 F.Supp.2d at 33-34.   See also United States v. Lobue, 751 F.Supp. 748, 756 (N.D. Ill. 1990) (court concluded that defendants were not entitled to the disclosure of names of unindicted co-conspirators because these names were not necessary to understand the charges).

The government submits that its compliance with its Rule 16 obligations and its voluntary disclosures of additional information have placed defense counsel in a better position than even the most detailed bill of particulars might afford.    As such, there is no basis for the additional disclosures sought by this motion. *See, e.g.*, Butler 822 F.2d at 1193 (where the indictment is sufficiently specific or if the requested information is available in some other form, a bill of particulars is not required); United States v. Glecier, 923 F.2d 496, 502 (7th Cir.) (demand for a bill of particulars was denied where indictment and government's pretrial disclosures provided defendants with sufficient information concerning the charges against them), *cert denied*, 502 U.S. 810 (1991); United States v. Marrero, 904 F.2d 251, 258 (5th Cir.) ("when the information requested is provided in some other form, no bill of particulars is required"), *cert denied*, 498 U.S. 1000 (1990).

In light of the strict limitations placed on the proper scope of bills of particulars and the information already provided to defense counsel in this case, the government should not be required to provide a bill of particulars. *See* United States v. Edelin, 128 F. Supp. 2d at 36-37.

13.    **Motion to Dismiss Counts in the Indictments Because They are Multiplicitous.**

Defendants Ralph Ingram, India Graves and Cinquan Blakney have filed motions to dismiss various counts in the indictment on the grounds that they are multiplicitous (Documents 96, 108, 125 and 126).    These counts address separate violations of 18 U.S.C., Section 922(g)(1) for the Unlawful Possession of a Firearm by a Convicted Felon, 18 U.S.C., Section 924(c)(1) for

Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, and 18 U.S.C.,

Section 1519   for the Unlawful Use of a Communication Facility.    Each of the counts that the

defendants take issue with involve either a different weapon, a different drug or a different

telephone call.

An indictment is multiplicious, and thereby defective, if a single offense is alleged in a

number of counts, unfairly increasing a defendant's exposure to criminal sanctions.ℂ United States

v. Harris, 959 F.2d 246, 250 (D.C.Cir.), cert. denied, 506 U.S. 932 (1992). To decide whether

the government has unfairly exposed the defendant to multiple criminal sanctions, the Court must

determine whether Congress intended to subject the defendant to more than one punishment for

the particular course of conduct.    Id. at 251. See also Albernaz v. United States, 450 U.S. 333,

344 (1981) (Thus, the question of what punishments are constitutionally permissible is not

different from the question of what punishments the Legislative Branch intended to be imposed.).

The Supreme Court has instructed that federal courts should employ the test enunciated in

Blockberger v. United States, 284 U.S. 299, 304 (1932), to ascertain the legislature's intent when

Congress has not expressly spoken on the availability of multiple punishments for a single course

of conduct. See United States v. Harris, supra, 959 F.2d at 251-52.    [W]here the same act or

transaction constitutes a violation of two distinct statutory provisions, the test to be applied to

determine whether there are two offenses or only one is whether each provision requires proof of

an additional fact which the other does not.ℂ Blockberger, supra, 284 U.S. at 304.

In addition, the defendants' request to dismiss some of the counts in the indictment is premature even if the Court were to determine that they were multiplicitous.   The defense has ignored the Supreme Court's instructions in <u>Ball v. United States</u>, 470 U.S. 856, 865 (1985), that the better practice is for the Court to allow the jury to consider all counts which are reasonably supported by the evidence and to address any questions of multiple punishments at the time of sentencing by merging and/or vacating any overlapping convictions.   *See also* <u>United States v. Luskin</u>, 926 F.2d 372, 378 (4th Cir. 1991), cert. denied, 112 S. Ct. 68 (1991);   <u>United States v. Throneburg</u>, 921 F.2d 654, 656-657 (6th Cir. 1990).   The Supreme Court has long acknowledged the Government's broad discretion to conduct criminal prosecutions, including its power to select the charges to be brought in a criminal case.   <u>Ball v. United States</u>, 470 U.S. at 859.   Under our judicial system, prosecutors are permitted to carve up criminal conduct into multiple counts, even if some of the counts are lesser included offenses or constitutionally identical offenses.  <u>United States v. Luskin</u>, 926 F.2d at 378. Prosecutors enjoy this prerogative in part to prevent minor problems of proof on one count from allowing a genuinely guilty person to escape liability for his criminal conduct.  Id.

This practice is well-suited to this case and mitigates any possible prejudice to the defendants as a result of any multiple charges. *See, e.g.*, United States v. Berry, 977 F.d 915, 919-920 (5th Cir. 1992) (government allowed to charge and try a defendant for unlawful possession of ammunition and unlawful possession of firearms under 18 U.S.C. 922(g)); United States v. Throneburg, 921 F.2d at 656-657 (government may simultaneously prosecute a defendant for unlawful possession of a firearm and of ammunition, provided that the charges merge at sentencing).   Even if there is some risk of prejudice the court can cure it without undercutting the government's substantial interests in placing these charges before the jury in a single trial.   For all of the foregoing reasons, defendants' motions to dismiss counts in the indictment should fail.   If there is any legitimate multiplicitous argument, it should be addressed at sentencing.

## CONCLUSION

For the reasons set forth above, the government respectfully requests, unless otherwise specified above, that the Court deny the defendants' motions.

Respectfully submitted,


JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498-610


GEORGE ELIOPOULOS

ANTHONY SCARPELLI
Assistant United States Attorneys